UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA JEAN HENKE,

                Plaintiff,        Civil Action No.: 14-12234
                                     Honorable Sean F. Cox
                v.                Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                Defendant.
_____/

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [R. 17, 20]

      Plaintiff Pamela Henke appeals a final decision of Defendant Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions, referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Court finds that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence of record. For these reasons, the Court **RECOMMENDS** that:

- the Commissioner's motion **[R. 20]** be **GRANTED**;

- Henke's motion **[R. 17]** be **DENIED**; and,

- the Commissioner's decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

## I.   BACKGROUND

### A.   Claimant's Background and Claimed Disabilities

At the time of her application, Henke was forty-nine years old with an eighth-grade education, and had previously worked as a newspaper delivery person and a waitress. She claimed disability on the basis of bipolar disorder and anxiety, as well as dizziness and a lack of left-side coordination from a left cerebellar infarction.

### B.   Procedural History

Henke filed applications for DIB and SSI, alleging disability as of October 21, 2010. [R. 7-5, Tr. 185-93]. The claims were denied initially, and Henke filed a timely request for an administrative hearing, held on August 16, 2012, at which both Henke and a vocational expert ("VE") testified. [R. 7-2, Tr. 40-81; R. 7-4, Tr. 131-40]. In a February 22, 2013 written decision, the ALJ found Henke not disabled. [R. 7-2, Tr. 11-28]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-5]. Henke timely filed for judicial review. [R. 1].

2

## C.    The ALJ's Application of the Disability Framework

DIB and SSI are available for those who have a "disability."  *See Colvin v. Barnhart, 475 F.3d 727, 730 (6th Cir. 2007)*.  A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4).[1]  Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled.  *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual

---

[1] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  §§ 1520(c); 920(c).

3

functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Following the sequential process, the ALJ concluded that Henke was not disabled. At step one, she determined that Henke had not engaged in substantial gainful activity since her alleged onset date. [R. 7-2, Tr. 16-17]. At step two, she identified severe impairments of depression, anxiety and a "back disorder." [*Id.*, Tr. 17]. She did not find Henke's left cerebellar infarction to be severe. [*Id.*]. At step three, the ALJ concluded that none of Henke's impairments, either alone or in combination, met or medically equaled a listed impairment. [*Id.*, Tr. 17-18]. In coming to this conclusion the ALJ found that Henke's mental impairments caused no more than mild restriction in her activities of daily living and social functioning, and moderate difficulties in her ability to maintain concentration, persistence and pace, with no episodes of decompensation. [*Id.*].

Next, the ALJ assessed Henke's residual functional capacity ("RFC")

4

finding her capable of light work involving only simple, repetitive tasks at a Specific Vocation Preparation (SVP) of one or two (i.e., unskilled),[3] requiring no reading, working with the general public or production pace, and involving only brief superficial interaction with co-workers.  [*Id.*, Tr. 18]. The work could also not be at hazardous heights or around dangerous machinery, and Henke required the use of a cane for ambulation.  [*Id.*].  At step four, the ALJ determined that this RFC prevented Henke from returning to her past relevant work.  [*Id.*, Tr. 22].  However, at step five, with the assistance of VE testimony, the ALJ concluded that there remained a significant number of other occupations that a hypothetical claimant matching Henke's profile could still perform, such that she was not disabled, including hand packager (2,500 jobs in the region), small product assembler (2,500 jobs) and visual inspector (1,000 jobs).  [*Id.*, Tr. 23].

## II.   STANDARD OF REVIEW

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is

---

[3] *See Moran v. Comm'r of Soc. Sec.,* 40 F. Supp. 3d 896, 931, n. 14 (E.D. Mich. 2014) (citing SSR 00-4p, 2000 WL 1898704, at * 3) (SVP of one or two correlates with unskilled work).

5

"more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

With these standards in mind, this Court finds that the ALJ's determination that Henke is not disabled is supported by substantial evidence.

## III.   ANALYSIS

Henke argues that the ALJ erred in failing to find severe the lingering effects of her 1992 left cerebellar infarction,[4] including dizziness and loss of coordination. She further argues that the ALJ failed to pose a hypothetical

---

[4] A cerebellar infarction is an uncommon form of stroke. *See* http://stroke.ahajournals.org/content/24/1/76.full.pdf

6

question to the VE that included all of Henke's credible limitations arising from this impairment.  Neither of Henke's arguments has merit.

## A.    Step Two Finding

Henke argues that the ALJ erred in failing to classify her left cerebellar infarction as a severe impairment.  Her argument is without merit because, once the ALJ found at least one severe impairment, she was required to "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"  SSR 96-8p, 1996 SSR LEXIS 5 at *14, 1996 WL 374184 (1996).  So long as the ALJ considers all of a claimant's impairments, both severe and non-severe, through the remaining steps of the analysis, any failure at step two to find additional impairments severe does "not constitute reversible error."  *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

Here, while the ALJ did not find Henke's cerebellar infarction severe at step two, her decision makes clear that she did consider this condition and the symptoms it allegedly caused in the remainder of her analysis. The ALJ discussed treatment records from Blue Water Neurology where, in September 2009, Dr. Nalini Samuel found Henke "neurologically stable" despite her complaints of dizziness.  [R. 7-2, Tr. 19; R. 7-7, Tr. 404].  The

7

ALJ also considered the consultative opinion of Dr. R. Scott Lazzara, who examined Henke and assessed her with a "mild to moderate" impairment based on her cerebellar infarction with a "fair but not deteriorating" prognosis.  [R. 7-2, Tr. 22; R. 7-7, Tr. 352-58].  Although Dr. Lazzara limited Henke to carrying, pushing and pulling no more than ten pounds on the left, the ALJ found this limitation not credible in light of Henke's testimony that she continued ability to lift up to fifty pounds for her job up until at least July 2010 (despite suffering the infarction in 1992).  [R. 7-2, Tr. 22].  Henke did not challenge the ALJ's evaluation of this medical evidence.

   Further, the ALJ appropriately incorporated Henke's credible limitations as a result of this impairment into the RFC, despite determining that it was not a severe impairment.  The ALJ found that Henke required a cane to ambulate during the work day (a limitation imposed by Dr. Lazzara) and could not work at unprotected heights or around dangerous machinery. [R. 7-2, Tr. 18; R. 7-7, Tr. 358].  Because the ALJ clearly continued to assess Henke's cerebellar infarction through the remaining steps of the process despite not finding it to be a severe impairment, any error at step two is harmless.

8

### B.    Hypothetical Question

Henke takes issue with the substance of the ALJ's hypothetical question to the VE, claiming it failed to account for all of Henke's credible limitations.  She argues that the ALJ should have included additional limitations associated with "dizziness, imbalance and weakness on the left side." [R. 17, PgID 471].  However, she does not articulate what additional limitations the ALJ should have imposed and thus her argument is waived. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" (citation omitted)). Further, as noted above, the ALJ discounted the additional limitations Dr. Lazzara placed on Henke's ability to lift, carry, push and pull as being not credible in light of her prior work abilities and her activities of daily living. [R. 7-2, Tr. 22].  An ALJ is only required to incorporate into her hypothetical questions those limitations she finds credible.  *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 118-19 (6th Cir. 1994).

Henke generically argues that the ALJ failed to impose additional limitations based on her credible testimony, specifying only the RFC should have included a need to be absent four days a month and be off task for twenty percent or more of the workday.  Therapist, Susan M. Willis, MA,

9

LLPC, opined in July 2011 that Henke's mental impairments would thus restrict her.   [R. 7-7, Tr. 361-65].  However, noting that the therapist was a non-acceptable medical source,[5] the ALJ gave no weight to that opinion. [R. 7-2, Tr. 20].  The ALJ reasoned that Henke had been on and off from counseling, and was discharged in September 2011 because she failed to appear for treatment.  [*Id.*]  Henke did not object to the ALJ's reasons for rejecting her therapist's opinion and the Court finds no clear error with the ALJ's analysis.

Of further note, the ALJ discussed the credible evidence related to Henke's ability to maintain concentration, including consultative examiner Dr. Michelle Rousseau's opinion that Henke would be able to "maintain sufficient attention and concentration to consistently perform a variety of simple, concrete, routine activities," and consulting reviewer Dr. Wayne Hill's opinion that Henke retained the ability "to perform one and two step tasks on a sustained basis."  [R. 7-3, Tr. 110; R. 7-7, Tr. 349-50].  The ALJ included appropriate limitations based on these opinions, including restrictions to only simple, non-production-paced work that did not require reading.  [R. 7-2, Tr. 18, 20-22].  Henke has failed to offer evidence

---

[5] *See Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 378* (6th Cir. 2013) (citing SSR 06–03p, 2006 WL 2329939, at *4) (therapists are not acceptable medical sources).

supporting the imposition of additional limitations into the ALJ's hypothetical question.

## IV.   CONCLUSION

The ALJ committed no more than harmless error in declining to find Henke's cerebellar infarction severe at step two, and crafted a hypothetical question that accounted for all of Henke's credible limitations of record, resulting in a decision that is supported by substantial evidence of record. For these reasons, the Court **RECOMMENDS** that Henke's Motion for Summary Judgment **[R. 17]** be **DENIED**, the Commissioner's Motion **[R. 20]** be **GRANTED** and this case be **AFFIRMED**.

<u>s/Elizabeth A. Stafford</u>
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 6, 2015

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

2:14-cv-12234-SFC-EAS   Doc # 21   Filed 11/06/15   Pg 12 of 13   Pg ID 506

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF

System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 6, 2015.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager